**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4573-17T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CHRISTOPH H. EDWARDS,
a/k/a MARK A. EDWARDS,
CHRIS ADAMS, CHRISTOPH
FRANKLIN, SHARIF JONES,
and CHRISTOPH THOMPSON,

    Defendant-Appellant.

_____

Submitted October 17, 2019 – Decided  December 11, 2019

Before Judges Nugent and Suter.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 14-11-2761 and 14-12-2838.

Joseph E. Krakora, Public Defender, attorney for appellant (Kimmo Hussain Abbasi, Designated Counsel, on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Frank J. Ducoat,

Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Christoph Edwards appeals from the denial of his petition for post-conviction relief (PCR) without an evidentiary hearing. For the reasons that follow, we affirm.

Defendant pleaded guilty to charges in two separate indictments. Under indictment 14-11-2761, he pleaded guilty to first-degree robbery (count one), N.J.S.A. 2C:15-1, and second-degree possession of a firearm for an unlawful purpose (count three), N.J.S.A. 2C:39-4. Count two of that indictment was dismissed. Under indictment 14-12-2838, defendant pleaded guilty to two counts of first-degree robbery (counts two and three), N.J.S.A. 2C:15-1. Counts one, four and five were dismissed. The sentencing court imposed an aggregate twelve-year sentence of incarceration with an eighty-five percent period of parole ineligibility under the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.[1]

---

[1] Defendant was sentenced to ten years in prison with a five-year period of parole ineligibility under count three of indictment 14-11-2761. He was sentenced to twelve years in prison subject to NERA on count one of indictment 14-11-2761 and on counts two and three of indictment 14-12-2838. Each sentence was concurrent to the other and to a separate indictment in Union County, number 14-06-0550.

Defendant did not file a direct appeal from his convictions or sentence.

The facts underlying defendant's convictions were acknowledged by him at his plea allocution. For indictment 14-11-2761, defendant testified that on February 15, 2014, he went to a convenience store on Stuyvesant Avenue in Irvington with the purpose of robbing it. He did not have a permit for the handgun that he brandished at the store clerk. Defendant agreed that the handgun was operable, meaning that it was capable of being fired. He admitted taking money from the cash register.

For indictment 14-12-2838, defendant testified that on March 5, 2014, he and two accomplices agreed to rob a grocery store on Mount Vernon Avenue in Irvington. Defendant testified he knew one of the accomplices had a gun. Defendant and that accomplice robbed money and cell phones from the store, not intending to return either. The accomplice brandished the gun in the store. Defendant admitted that "[w]e all knew [the co-conspirator] had a gun . . . ."

Defendant advised the court during the plea that he was not forced or threatened to enter into it. He explained to the court he was "copping out to a lesser term right now basically." Defendant said "yes" that he was satisfied with his attorney and "no" that he did not need more time to speak with his attorney. Defendant said "yes I am" when the court asked him if he was entering his plea

A-4573-17T1

"freely and voluntarily." Defendant acknowledged to the court that he had reviewed the plea forms with his attorney, all the answers were true and his attorney had answered all his questions to his satisfaction. The trial court found defendant's guilty plea was entered "freely and voluntarily," that this was "after the advice of competent counsel with whom the defendant is satisfied" and that defendant admitted the offenses. The court accepted the guilty plea.

Defendant filed a PCR petition on September 23, 2016. A brief and certification were submitted on behalf of defendant in January 2017 alleging ineffective assistance of counsel.

The Law Division judge denied defendant's petition by order dated February 23, 2018. The court found that the plea colloquy—during which defendant stated that no one forced or threated him to enter the plea—showed that defendant's attorney did not pressure him to plead guilty.

The court rejected defendant's claim that his trial attorney should have challenged the applicability of NERA to his convictions. Defendant pleaded guilty to robbery, which was the type of offense to which NERA applied. It also rejected his claim he used a toy gun during the February 15, 2016 robbery because that was not supported by defendant's statements at the plea hearing

where he specifically acknowledged the gun he used was operable, meaning it was capable of being fired.

The court found no evidence offered by defendant that he was under the influence of drugs or asthma medication when he gave a statement to the police. The court noted defendant "voluntarily went to the police headquarters to be interviewed[,]" was given the Miranda[2] warnings, stated that he understood his rights and gave a statement. The detective's report did not indicate defendant was impaired when he gave the statement. The court concluded "it was reasonable for plea counsel not to request a Miranda hearing."

The court found the transcript of the plea did not support defendant's claim that his counsel pressured him to say that he knew the accomplice had a gun. Defendant stated that they all knew the accomplice had a gun.

Defendant's claim his attorney should have filed an excessive sentence appeal did not support post-judgment relief. Defendant received the benefit of the plea bargain because his sentences were less than the statutory maximum exposure of twenty years each and were imposed concurrently.

---

[2] Miranda v. Arizona, 384 U.S. 436 (1966).

A-4573-17T1

The court found defendant entered his plea "knowingly, voluntarily and intelligently" based on the record. Because defendant failed to make a prima facie showing that his counsel was constitutionally ineffective, the PCR court found the time bar in <u>Rule</u> 3:22-4(c) applied because the claims could have been raised on appeal. This also meant defendant was not entitled to an evidentiary hearing.

Defendant presents the following issue for our consideration in his appeal:

> THE POST-CONVICTION RELIEF COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION FROM PLEA COUNSEL.

We are not persuaded by any of these arguments and affirm. The standard for determining whether counsel's performance was ineffective for purposes of the Sixth Amendment was formulated in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), and adopted by our Supreme Court in <u>State v. Fritz</u>, l05 N.J. 42 (1987). In order to prevail on a claim of ineffective assistance of counsel, defendant must meet the two-prong test of establishing both that: (l) counsel's performance was deficient and he or she made errors that were so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment

to the United States Constitution; and (2) the defect in performance prejudiced defendant's rights to a fair trial such that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

We are satisfied from our review of the record that defendant failed to make a prima facie showing of ineffectiveness of trial counsel within the Strickland-Fritz test for the reasons set forth in Judge Richard T. Sules' comprehensive written decision filed February 23, 2018. We add only a few brief comments.

Defendant's allegations are supported only by self-serving assertions and bare allegations. See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). ("[A] petitioner must do more than make bald assertions that he was denied the effective assistance of counsel."). In fact, they are inconsistent with statements he made under oath when pleading guilty. These unsupported assertions are inadequate to provide post-judgment relief.

Defendant did not appeal his guilty plea or sentence. Many of the issues defendant is raising now could have been raised in a direct appeal. Defendant is precluded from raising an issue on PCR that could have been raised on direct appeal. State v. McQuaid, 147 N.J. 464, 483 (1997).

Defendant does not allege that he wanted a trial; he requests resentencing to twelve years without NERA. However, in the plea bargain context, "a defendant must prove 'that there is a reasonable probability that, but for counsel's errors, [he or she] would not have pled guilty and would have insisted on going to trial,'" State v. Gaitan, 209 N.J. 339, 351 (2012) (alteration in original) (quoting State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009)), and that "a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010). Because defendant does not allege he would not have pleaded guilty, this is not a basis for post-judgment relief.

Defendant has not shown he was denied the effective assistance of counsel because his attorney did not pursue an excessive sentencing appeal. The NERA argument was based on his claim he had a toy gun but this was contradicted by defendant's testimony at the plea hearing. Defendant has not argued it was reasonably probable the sentencing judge would have reduced the negotiated sentence on any other basis.

We are satisfied from our review of the record that defendant failed to make a prima facie showing of ineffectiveness of trial counsel within the Strickland-Fritz test. Accordingly, the Law Division judge correctly concluded

A-4573-17T1

that an evidentiary hearing was not warranted.  See State v. Preciose, 129 N.J. 451, 462-63 (1992).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION